**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE J. HANCOCK, DAVID M.<br>SNELTEN, JOHN J. LISNER, WILLIAM<br>H. COLLINS, DALE BOLT, and<br>JOSEPH BENSON, as Trustees of the<br>HEALTH AND WELFARE FUND<br>OF THE EXCAVATING, GRADING<br>AND ASPHALT CRAFT LOCAL NO. 731,<br><br><br>TERRANCE J. HANCOCK, JOHN J. LISNER,<br>DAVID M. SNELTEN, DALE BOLT, JOSEPH<br>BENSON, and WILLIAM H. COLLINS, as<br>Trustees of the local 731, I.B. OF T.,<br>EXCAVATORS AND PAVERS PENSION,<br>TRUST FUND, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>08 CV 4328<br><br>Judge Andersen<br><br>Magistrate Judge Nolan |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RITEWAY-HUGGINS CONSTRUCTION<br>SERVICES, INC., an Illinois corporation,<br>f/k/a RITE-WAY CONSTRUCTION<br>SERVICES, INC., | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

**DEFENDANT RITEWAY-HUGGINS CONSTRUCTION
SERVICES, INC.'S ANSWER TO THE COMPLAINT**

Defendant Riteway-Huggins Construction Services, Inc., by its attorney, James X.

Bormes, for its Answer to the Complaint states as follows:

1.   This action arises under the laws of the United States and is brought pursuant
to the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § §
1132, 1145 (hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence
of questions arising thereunder, as hereinafter more fully appears.

**ANSWER**:  Defendant admits the allegations in paragraph 1.

2.   Plaintiffs bring this action in their capacity as Trustees of the HEALTH AND WELFARE FUND OF THE EXCAVATING, GRADING AND ASPHALT CRAFT LOCAL NO. 731 AND THE LOCAL 731, I.B. OF T., EXCAVATORS AND PAVERS PENSION TRUST FUND, which are "employee welfare benefit funds," and "plans," within the meaning of ERISA, Plaintiffs being the now-acting fiduciaries thereof administering said Plans within this District.

**ANSWER:**  Defendant admits the allegations in paragraph 2.

3.   Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the certain "Agreements and Declarations of Trust," pursuant to which Plaintiff Funds are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is obligated and to which the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731. affiliated with the International Brotherhood of Teamsters, is also obligated.

**ANSWER:**  Defendant admits the allegations in paragraph 3.

4.   As an Employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

(a)  To submit to Plaintiffs for each month a report stating the names, social security numbers, and total number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating:

**ANSWER:**  Defendant admits the allegations in paragraph 4(a).

(b)  To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements:

**ANSWER:** Defendant admits the allegations in paragraph 4(b).

(c)  To make all its payroll books and records available to Plaintiffs for the purpose of auditing same, to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

**ANSWER:** Defendant denies the allegations in paragraph 4(c).

(d)  To compensate Plaintiffs  for the additional administrative cost and burdens imposed by delinquency  or untimely payment of contributions by way of the

payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 20th day of the succeeding month; effective May 9, 1991, the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 20th day of the succeeding month;

**ANSWER:** Defendant denies the allegations in paragraph 4(d).

(e) To pay any and all cost incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendants was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

**ANSWER:** Defendant denies the allegations in paragraph 4(e).

(f)  To pay Plaintiffs' reasonable attorneys' fees and cost necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

**ANSWER:** Defendant denies the allegations in paragraph 4(f).

(g) To furnish to Plaintiffs a bond with god and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:** Defendant denies the allegations in paragraph 4(g).

5.  Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

Defendant has failed and refused to submit all of its contribution reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions and liquidated damages acknowledged by Defendant thereon to be due Plaintiffs.

**ANSWER:** Defendant denies the allegations in paragraph 5.

6.  That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $11,123.02 known to be due Plaintiffs from Defendant, based upon Defendant's failure to submit all required reports, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**ANSWER:** Defendant denies the allegations in paragraph 6.

7.   Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** Defendant denies the allegations in paragraph 7.

8.   Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendant denies the allegations in paragraph 8.

WHEREFORE, Defendant prays for entry of a judgment in its favor and

against Plaintiffs and for such further relief the Court deems equitable and just.


**RITEWAY-HUGGINS CONSTRUCTION SERVICES, INC.**


By: s/James X. Bormes_____
        Defendant's attorney


James X. Bormes
LAW OFFICE OF JAMES X. BORMES, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
(312) 201-0575